```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
BOURGET'S BIKE WORKS, INC.,

            Plaintiff,

        - against -                          ORDER
                                     03-CV-6154(JS)(ARL)
ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

            Defendant.
-------------------------------X
```
Appearances:
For Plaintiff:      Oleh N. Dekajlo, Esq.
                    1900 Hempstead Turnpike, Suite 201
                    East Meadow, New York 11554

For Defendant:      Frederic Rowland Mindlin, Esq.
                    Mound, Cotton, Woolan & Greengrass
                    One Battery Park Plaza
                    New York, New York 10004

SEYBERT, District Judge:

Currently pending before this Court is a motion seeking dismissal brought by Defendant, St. Paul Fire and Marine Insurance Company ("St. Paul" or "Defendant"), pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Defendant asserts that Plaintiff has failed to prosecute the instant action. As discussed below, this Court DISMISSES this action pursuant to Rule 41(b).

Legal Standard

Rule 41(b) provides, in pertinent part that "[f]or failure of the plaintiff to prosecute . . . a defendant may move for dismissal of an action. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b).

Dismissal for plaintiff's failure to prosecute an action under Rule 41(b) is a matter committed to the sound discretion of the district court. Colon v. Mack, 56 F.3d 5, 7 (2d Cir. 1995). In exercising its discretion, the court should examine five factors: (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and (5) the efficacy of lesser sanctions. Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994). In general, no one factor is dispositive. See Nita v. Connecticut Dep't of Envtl. Protection, 16 F.3d 482, 485 (2d Cir. 1994).

The Second Circuit has cautioned that "dismissal is a harsh remedy to be utilized only in extreme circumstances." Mack, 56 F.3d at 7. "Only when [the court] is sure of the impotence of lesser sanctions" is the drastic remedy of dismissal appropriate. Dodson v. Runyon, 86 F.3d 37, 39 (2d Cir. 1996)(citation omitted). In deciding upon the suitability of lesser sanctions and the applicability of sanctions against either the party or the attorney, courts should "assess the relative roles of attorney and client in causing the delay, as well as whether a tactical benefit was sought by the delay." Id. at 40.

Discussion

All five factors militate towards the Court finding that this action should be dismissed. In this case, Plaintiff has failed to respond to Defendant's discovery requests. Moreover, Plaintiff has not initiated any of its own discovery and has not proceeded in this case for almost one year. Plaintiff was advised by Defendant in August and September of 2004 that failure to conduct discovery would result in a motion for dismissal of the case. On August 13, 2004, Magistrate Judge Arlene R. Lindsay issued an order directing Plaintiff to participate in discovery. Plaintiff did not respond to that order. This Court finds that Plaintiff has received sufficient notice that this action would be dismissed.

The Defendant in this case is likely to be prejudiced by further delay. Discovery was to be completed by October 29, 2004, however, the Plaintiff has prevented the discovery process from even beginning. Not only would further delay require the Court to extend the discovery schedule, the Defendant is prejudiced by the fading of witnesses memories and the possible loss of Plaintiff's documents.

The Court's calendar concerns are clearly outweighed by the Plaintiff's due process rights, however, the Plaintiff has had adequate opportunities to litigate this action. The Plaintiff has inexplicably failed to proceed and has violated Judge Lindsay's

3

order.  This factor weighs in favor of dismissal.  Finally, with regard to lesser sanctions, this Court finds that there is no adequate lesser sanction because the Plaintiff has failed to proceed for almost one year.  While it is unclear to this Court whether the Plaintiff or Plaintiff's counsel has failed to litigate this action, the Court finds that dismissal is an appropriate sanction.  The Court realizes that this is a "drastic remedy," Dodson, 86 F.3d at 39, however, Plaintiff may move this Court within a reasonable amount of time to reopen this case.  Should Plaintiff seek to reopen, evidence must be presented that demonstrates it was Plaintiff's attorney who failed to prosecute this action.

Conclusion

For all the reasons discussed above, the Court DISMISSES this action pursuant to Rule 41(b), without prejudice.  The Clerk of the Court is directed to mark this case as CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
April 19, 2005